IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01210-REB-MJW

STERISIL, INC. a Colorado corporation,

    Plaintiff,

vs.

PROEDGE DENTAL PRODUCTS, INC.,
a Colorado corporation, and
MARK A FRAMPTON, an individual,

    Defendants.

---

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

---

Defendants ProEdge Dental Products, Inc. ("ProEdge") and Mark A. Frampton (collectively, "Defendants"), by and through their undersigned counsel, respond to the Complaint for Damages and Injunctive Relief ("Complaint") of Plaintiff Sterisil, Inc. ("Sterisil") as follows:

## THE PARTIES

1.    Defendants admit that Sterisil is a Colorado corporation with its registered address in Palmer Lake, Colorado.

2.    Defendant admits that Exhibit 1 to the Complaint appears to be a copy of U.S. Patent No. 6,991,736 (the "'736 patent"). Defendants lack sufficient information to admit or deny the other allegations of paragraph 2 of the Complaint and therefore deny those allegations.

3. Defendants admit the allegations of paragraph 3 of the Complaint.

4. Defendants admit the allegations of paragraph 4 of the Complaint.

5. Defendants admit that Mark Frampton is the Chief Operating Officer of ProEdge and is a resident of Parker, Colorado. Defendants deny all other allegations of paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Defendants admit that the present action purports to arise under the federal patent statutes, 28 U.S.C. § 1 *et seq.*, and that this Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338. Defendants deny that jurisdiction for the original action arises under 28 U.S.C. §§ 2201 and 2202 as plaintiff does not seek a declaratory judgment. Defendants deny all other allegations of paragraph 6 of the complaint.

7. Defendants admit that the present action purports to arise under the federal patent statutes, 35 U.S.C. § 101 *et seq.* Defendants admit that, pursuant to 28 U.S.C. § 1400, venue may be found in the U.S. District Court for the District of Colorado. Defendants deny all other allegations of paragraph 7 of the Complaint.

8. Defendants deny the allegations of paragraph 8 of the Complaint.

9. Defendants deny the allegations of paragraph 9 of the Complaint.

## THE TECHNOLOGY AT ISSUE

10. Defendants lack sufficient information to admit or deny the allegations of Paragraph 10 of the Complaint and therefore deny those allegations.

11. Defendants admit that Bradley Downs is named as the inventor on the face of U.S. Patent Application No. 10/474,642 (the "'642 application"). Defendants admit that the '642 application appears to have matured into the '736 patent. Defendants lack sufficient information to admit or deny the other allegations of paragraph 11 of the Complaint and therefore deny those allegations.

12. Defendants lack sufficient information to admit or deny the allegations of paragraph 12 of the Complaint and therefore deny those allegations.

13. Defendants lack sufficient information to admit or deny the allegations of paragraph 13 of the Complaint and therefore deny those allegations.

14. Defendants lack sufficient information to admit or deny the allegations of paragraph 14 of the Complaint and therefore deny those allegations.

15. Defendants admit the '736 patent appears to have issued on January 31, 2006. Defendants deny all other allegations of paragraph 15.

16. The statute 35 U.S.C. § 282 speaks for itself. Defendants deny that the patent is presumed enforceable and all other allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17 of the Complaint.

18. Defendants admit that Mr. Frampton filed an application for a patent with the U.S. Patent Office. Defendants deny all other allegations of paragraph 18 of the Complaint.

19. The file history of Mr. Frampton's application with the U.S. Patent Office speaks for itself. Defendants deny any inconsistencies with the file history and all other allegations in paragraph 19 of the complaint.

20. The file history of Mr. Frampton's application with the U.S. Patent Office speaks for itself. Defendants deny any inconsistencies with the file history and all other allegations in paragraph 20 of the complaint.

21. The file history of Mr. Frampton's application with the U.S. Patent Office speaks for itself. Defendants deny any inconsistencies with the file history and all other allegations in paragraph 21 of the complaint.

22. Defendants admit the allegations of paragraph 22 of the Complaint.

23. Defendants admit that Exhibit 2 to the Complaint appears to be a letter from the attorney of Confirm Monitoring Systems to individuals at Sterisil; that exhibit speaks for itself. Defendants deny all other allegations of paragraph 23 of the Complaint.

24. Defendants admit that they had not sought a declaration of non-infringement or invalidity until the filing of this Answer.

25. Defendant admits that Exhibit 3 to the Complaint appears to be the packaging of the BluTab product; that exhibit speaks for itself. Defendants deny all other allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendant admits that Exhibit 4 to the Complaint appears to be a publication by ProEdge; that exhibit speaks for itself. Defendants deny all other allegations of paragraph 27 of the Complaint.

28. Defendant's allegations depend on the claim construction of the terms in the patent-in-suit and call for a legal conclusion. Accordingly, Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendant's allegations depend on the claim construction of the terms in the patent-in-suit and call for a legal conclusion. Accordingly, Defendants deny the allegations of paragraph 30 of the Complaint.

31. Defendant's allegations depend on the claim construction of the terms in the patent-in-suit and call for a legal conclusion. Accordingly, Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendant's allegations depend on the claim construction of the terms in the patent-in-suit and call for a legal conclusion. Accordingly, Defendants deny the allegations of paragraph 32 of the Complaint

33. Defendants state that the packaging in Exhibit 3 to the Complaint speaks for itself. Defendants deny all other allegations of paragraph 33 of the Complaint.

34. Defendants state that the packaging in Exhibit 3 to the Complaint speaks for itself. Defendants deny all other allegations of paragraph 34 of the Complaint.

35. Defendants deny the allegations of paragraph 35 of the Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants lack sufficient information to admit or deny the allegations of paragraph 38 of the Complaint and therefore deny those allegations.

## FIRST CLAIM FOR RELIEF
## (Induced Infringement of U.S. Patent No. 6,991,736 Under 35 U.S.C. § 271(b) By ProEdge)

39. With respect to paragraph 39 of the Complaint, Defendants repeat and incorporate the responses set forth in paragraphs 1 through 38 of the Answer as though fully set forth herein.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

41. Defendants deny the allegations of paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants deny the allegations of paragraph 48 of the Complaint.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

## SECOND CLAIM FOR RELIEF
## (Contributory Infringement of U.S. Patent No. 6,991,736 Under 35 U.S.C. § 271(c) by ProEdge)

50. With respect to paragraph 50 of the Complaint, Defendants repeat and incorporate the responses set forth in paragraphs 1 through 49 of the Answer as though fully set forth herein.

51. Defendants deny the allegations of paragraph 51 of the Complaint.

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

54. Defendants deny the allegations of paragraph 54 of the Complaint.

55. Defendants deny the allegations of paragraph 55 of the Complaint.

56. Defendants deny the allegations of paragraph 56 of the Complaint.

57. Defendants deny the allegations of paragraph 57 of the Complaint.

58. Defendants deny the allegations of paragraph 58 of the Complaint.

59. Defendants deny the allegations of paragraph 59 of the Complaint.

60. Defendants deny the allegations of paragraph 60 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Induced Infringement of U.S. Patent No. 6,991,736 Under 35 U.S.C. § 271(b) by ProEdge and Frampton Acting Jointly)**

61. With respect to paragraph 61 of the Complaint, Defendants repeat and incorporate the responses set forth in paragraphs 1 through 60 of the Answer as though fully set forth herein.

62. Paragraph 62 of the Complaint calls for a legal conclusion. Defendants therefore neither admit nor deny the allegations of paragraph 62 of the Complaint.

63. Defendants deny the allegations of paragraph 63 of the Complaint.

64. Defendants deny the allegations of paragraph 64 of the Complaint.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

66. Defendants deny the allegations of paragraph 66 of the Complaint.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Defendants deny the allegations of paragraph 68 of the Complaint.

69. Defendants deny the allegations of paragraph 69 of the Complaint.

70. Defendants deny the allegations of paragraph 70 of the Complaint.

71. Defendants deny the allegations of paragraph 71 of the Complaint.

72. Defendants deny the allegations of paragraph 72 of the Complaint.

73. Defendants deny the allegations of paragraph 73 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**(Contributory Infringement of U.S. Patent No. 6,991 736 Under 35 U.S.C. § 271(c)**
**by ProEdge and Frampton Acting Jointly**

74. With respect to paragraph 74 of the Complaint, Defendants repeat and incorporate the responses set forth in paragraphs 1 through 73 of the Answer as though fully set forth herein.

75. Paragraph 75 of the Complaint calls for a legal conclusion. Defendants therefore neither admit nor deny the allegations of paragraph 75 of the Complaint.

76. Defendants deny the allegations of paragraph 76 of the Complaint.

77. Defendants deny the allegations of paragraph 77 of the Complaint.

78. Defendants deny the allegations of paragraph 78 of the Complaint.

79. Defendants deny the allegations of paragraph 79 of the Complaint.

80. Defendants deny the allegations of paragraph 80 of the Complaint.

81. Defendants deny the allegations of paragraph 81 of the Complaint.

82. Defendants deny the allegations of paragraph 82 of the Complaint.

83. Defendants deny the allegations of paragraph 83 of the Complaint.

84. Defendants deny the allegations of paragraph 84 of the Complaint.

85. Defendants deny the allegations of paragraph 85 of the Complaint.

86. Defendants deny the allegations of paragraph 86 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief from Defendants.

## DEMAND FOR JURY TRIAL

Defendants admit that Plaintiff has demanded a jury trial.

## DEFENDANTS' AFFIRMATIVE DEFENSES

In addition to the defenses alleged herein, Defendants expressly reserve the right to allege additional defenses as they become known during the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

87. The '736 Patent is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SECOND AFFIRMATIVE DEFENSE
### (Laches, Waiver, and Equitable Estoppel)

88. Sterisil is barred in whole or in part from asserting the '736 patent against Defendants, or for claiming damages under that patent, by the equitable doctrines of laches, waiver, and/or equitable estoppel due to Sterisil's (and any of its affiliates') knowledge of Defendants' allegedly infringing actions, and its unjustified failure to pursue patent infringement claims diligently and timely from the time it became aware that it had claims against Defendants. Defendants have been both economically and materially prejudiced and injured from Sterisil's inexcusable lack of diligence, including (without limitation) through the loss of records of third parties pertaining to the prior art, the unreliability of the memories of witnesses who otherwise possess knowledge of the technology at issue, and Defendants' investment in and expansion of their business.

As a result, Sterisil is barred under the doctrines of laches, waiver and/or estoppel from recovering any compensation or remedy for alleged infringement by Defendants.

### THIRD AFFIRMATIVE DEFENSE
### (Notice and Limitation on Damages)

89. Sterisil's ability to recover damages from Defendants is limited by 35 U.S.C. §§ 286-288 and/or 28 U.S.C. § 1498. On information and belief, Sterisil is not entitled to recover damages due to the failure of it to mark products made by or for it or sold by or for it, or to otherwise provide notice prior to filing of this action in accordance with the provisions of 35 U.S.C. § 287(a).

### FOURTH AFFIRMATIVE DEFENSE
### (No Doctrine of Equivalents)

90. Sterisil is barred from asserting the doctrine of equivalents based on prosecution history estoppel, the dedication-disclosure rule, and/or the claim vitiation doctrine.

### FIFTH AFFIRMATIVE DEFENSE
### (Prosecution Laches)

91. The '736 Patent is unenforceable under the doctrine of prosecution laches.

### SIXTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel, Prosecution Disclaimer, Specification Disclaimer, and Prosecution History Estoppel)

92. Sterisil is estopped under the doctrines of collateral estoppel, prosecution disclaimer, specification disclaimer, and/or prosecution history estoppel from asserting any construction of the claims of the '736 Patent to cover any service provided by or product manufactured, sold, or offered for sale by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment, Laches, and Unclean Hands)

93. Sterisil is barred from recovering damages prior to the filing of its Complaint under the doctrines of unjust enrichment, laches, and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

94. Sterisil has failed to state a claim upon which relief can be granted.

## DEFENDANT'S COUNTERCLAIMS

For its Counterclaims against Sterisil, Defendants, by their counsel, allege as follows:

## THE PARTIES

95. On information and belief, based on Sterisil's Complaint, Sterisil is a Colorado corporation with its registered address and place of business in Palmer Lake, Colorado.

96. Defendant ProEdge is a Colorado corporation with its corporate headquarters in Centennial, Colorado.

97. Defendant Mark Frampton is the Chief Operating Officer of ProEdge and is a resident of Parker, Colorado.

## JURISDICTION

98. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '736 Patent)

99. Defendants repeat and re-allege the allegations in paragraphs 1 through 98.

100. Defendants have never infringed, and are not liable for any infringement of, any claims of the '736 Patent either directly or indirectly, literally or under the doctrine of equivalents.

101. Sterisil accuses Defendants of infringing the '736 Patent, and a substantial controversy now exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

102. A judicial declaration of non-infringement is necessary and appropriate so that Sterisil may ascertain its rights with respect to the '736 Patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '736 Patent)

103. Defendants repeat and re-allege the allegations in paragraphs 1 through 102.

104. Defendants deny that the claims of the '736 Patent are valid because they fail to comply with one or more requirements of 35U.S.C. §§ 101, 102, 103, and 112. Accordingly, there exists a substantial and continuing justiciable controversy as to the validity of the '736 patent.

105. A judicial declaration of invalidity is necessary and appropriate so that Defendants may ascertain their rights with respect to the '736 Patent.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendants hereby respectfully demand a jury trial on all issues so triable as of right raised in the parties' respective pleadings.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants request judgment as follows:

I. On Sterisil's Complaint:

    A. That judgment be entered against Sterisil and in favor of Defendants;

    B. That Sterisil takes nothing by its Complaint;

    C. That judgment be entered that Defendants have not infringed, and are not liable for any infringement of, the '736 Patent;

    D. That no injunction be entered against Defendants or their officers, agents, servants, employees, affiliates, or any other person or entity encompassed by Federal Rule of Civil Procedure 65;

    E. That judgment be entered that this is an exceptional case under 35 U.S.C. § 285 and that Defendants be awarded its attorneys' fees, costs, and expenses; and

    F. That Defendants have such other further relief as the Court deems proper;

II. On Defendants' First Counterclaim:

    A. That judgment be entered declaring that Defendants have not and do not infringe the '736 Patent;

III. On Defendants' Second Counterclaim:

    A. That judgment be entered declaring that the '736 Patent is invalid due to failure to comply with patentability requirements;

IV. That Defendants be awarded their attorneys' fees, costs and expenses, and

V. That Defendants be awarded any such other and further relief as this court may deem proper.

Respectfully submitted this 8th day of August, 2013.

    **DORSEY & WHITNEY LLP**

    *s/ Gregory S. Tamkin*
    Gregory S. Tamkin
    Case Collard
    Patrick B. Hall
    1400 Wewatta Street, Suite 400
    Denver, CO  80202
    Telephone: (303) 629-3400
    Facsimile: (303) 629-3450
    Email: tamkin.greg@dorsey.com
           collard.case@dorsey.com
           hall.patrick@dorsey.com

    *ATTORNEYS FOR DEFENDANTS*
    *PROEDGE DENTAL PRODUCTS, INC. and*
    *MARK A. FRAMPTON*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2013 I cause the foregoing document, titled DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS, to be electronically filed with the Clerk of the Court using the CM/ECF system. Notification of such filing will be sent to the following e-mail addresses:

    Ramon Pizarro
    ramon@ramonpizarro.com

    *Attorney for Plaintiff Sterisil, Inc.*

                                          s/ Gregory S. Tamkin
                                          Gregory S. Tamkin