IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 13-cv-01210-REB

STERISIL, INC., a Colorado Corporation,

    Plaintiff,

v.

PROEDGE DENTAL PRODUCTS, INC, a Colorado Corporation, and
MARK A. FRAMPTON, an individual,

    Defendants.

## ORDER CONCERNING APPOINTMENT OF MASTER

**Blackburn, J.**

This matter is before the court on the following: (1) the **Defendants' Brief on Appointment of Special Master** [#34] filed April 4, 2014; (2) the **Plaintiff's (1) Consent to Appointment of Special Master, (2) Proposed Candidate for Special Master, and (3) Proposed Order Appointing Special Master** [#35] filed April 4, 2014; and (3) the **Defendants' Submission of Curriculum Vitae of Proposed Special Master** [#39] filed October 29, 2014.

The patent in suit concerns technology that is highly specialized and technical. Given that circumstance, it is likely that a master with education and skill in the technical areas addressed in the patent in suit will be able to construe the disputed claims in the patent more accurately and more efficiently than a judge available on this court. Under FED. R. CIV. P. 53(a)(1), these circumstances are sufficient to merit and permit the appointment of a master to construe the disputed claims of the patent in suit.

Previously, the court gave notice to the parties of the intent of the court to appoint a master. FED. R. CIV. P. 53(b)(1). The parties consent to the appointment of a master; however, the plaintiff and defendants nominated different candidates to serve as master.

The defendants nominate Gary B. Chapman, Ph.D., J.D. of the law firm Lathrop & Gage LLP, in Boulder, Colorado. Given the knowledge, education, and experience of Dr. Chapman, as stated in his Curriculum Vitae [#39-1], and the fact that Dr. Chapman is located in the Denver area, I find and conclude that he has the education, experience, and skill in the technical areas addressed in the patent in suit and that he is well-suited to act as a master to construe the disputed claims in the patent in suit. Thus, I indicate my tentative and conditional inclination to appoint Dr. Chapman as Master in this case.

Under Fed. R. Civ. P. 53(b)(3)(A), a court may not issue an order appointing a master until after the master "files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." Given this requirement, I direct the proposed master, Gary B. Chapman, Ph.D., J.D. of the law firm Lathrop & Gage LLP, in Boulder, Colorado, to file a brief statement indicating whether he will accept an appointment to serve as a master. If Dr. Chapman is willing to accept appointment, I direct him to file an affidavit which satisfies the requirements of Fed. R. Civ. P. 53(b)(3)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That by **March 7, 2015**, the proposed master, Gary B. Chapman, Ph.D., J.D. of the law firm Lathrop & Gage LLP, in Boulder, Colorado, through counsel for the defendants, **SHALL FILE** a brief statement indicating whether he will accept an appointment by this court to serve as a master in this case;

2. That if the proposed master is willing to accept such an appointment, then by

**March 7, 2015**, the proposed master **SHALL FILE**, through counsel for the defendants, an affidavit which satisfies the requirements of Fed. R. Civ. P. 53(b)(3)(A); and

     3.  That if such an affidavit is filed by the proposed master and there is no ground for disqualification, then the court **SHALL ISSUE** an order appointing Dr. Chapman to serve as master in this case.

     Dated February 24, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge