**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01210-REB

STERISIL, INC., a Colorado Corporation,

    Plaintiff,

v.

PROEDGE DENTAL PRODUCTS, INC, a Colorado Corporation, and
MARK A. FRAMPTON, an individual,

    Defendants.

## ORDER APPOINTING MASTER

**Blackburn, J.**

This matter is before the court on the following: (1) the **Defendants' Brief on Appointment of Special Master** [#34] filed April 4, 2014; (2) the **Plaintiff's (1) Consent to Appointment of Special Master, (2) Proposed Candidate for Special Master, and (3) Proposed Order Appointing Special Master** [#35] filed April 4, 2014; and (3) the **Defendants' Submission of Curriculum Vitae of Proposed Special Master** [#39] filed October 29, 2014.  I appoint Gary B. Chapman as a master in this case.

The patent in suit concerns technology that is highly specialized and technical. Given that circumstance, it is likely that a master with education and skill in the technical areas addressed in the patent in suit will be able to construe the disputed claims in the patent more accurately and more efficiently than a judge available on this court.  Under FED. R. CIV. P. 53(a)(1), these circumstances are sufficient to merit and permit the

appointment of a master to construe the disputed claims of the patent in suit. Previously, the court gave notice to the parties of the intent of the court to appoint a master. FED. R. CIV. P. 53(b)(1). The parties consent to the appointment of a master, and both parties have nominated a candidate to serve as master.

The defendants nominate Gary B. Chapman, Ph.D., J.D. of the law firm Lathrop & Gage LLP, in Boulder, Colorado. Given the knowledge, education, and experience of Dr. Chapman, as stated in his Curriculum Vitae [#39-1] and the fact that Dr. Chapman is located in the Denver area, I find and conclude that he has the education, experience, and skill in the technical areas addressed in the patent in suit and he is well-suited to act as a master to construe the disputed claims in the patent in suit. As required by Fed. R. Civ. P. 53(b)(3)(A), Mr. Chapman has filed an affidavit indicating that there is no ground for his disqualification under 28 U.S.C. § 455. Nothing else in the record indicates that there is any ground for the disqualification of Mr. Chapman.

**THEREFORE, IT IS ORDERED** as follows:

1. That under Fed. R. Civ. P. 53 (b)(3), Gary B. Chapman, Ph.D., J.D. of the law firm Lathrop & Gage LLP is appointed as a Master in this case;

2. That the Master shall construe the disputed claims in the patent in suit in this case based on the briefs filed by the parties and any oral argument or additional evidence presented by the parties to the Master;

3. That the Master shall have discretion to determine whether the presentation of oral argument or additional evidence is necessary to inform an accurate construction of the terms of the patent in suit;

4. That within 120 days of the date of this order, the Master shall issue and file with the court a written report and recommendation providing a recommended complete

construction of each of the disputed claims in the patent in suit;

     5. That the master shall serve a copy of his report and recommendation on the parties by filing a copy of the report and recommendation on the CM/ECF system of the court;

     6. That the Master may not communicate *ex parte* with the parties or their counsel;

     7. That if the Master perceives a need to communicate with the court *ex parte*, the Master may file a request to communicate with the court *ex parte* and, if necessary, may seek to have such a request filed under restriction, as provided by D.C.COLO.LCivR 7.2;

     8. That if any additional written material is presented to the Master in support of his claim construction, in addition to written material of record in this case, such additional written material shall be preserved by the master and shall be filed with the court as exhibits to the report and recommendation of the Master;

     9. That a record of any hearing held by or oral presentation to the Master by the parties on issues of claim construction shall be kept by a court reporter qualified as a Certified Realtime Reporter (CRR);

     10. That a transcript of any such hearing or oral presentation shall be filed with the court as an exhibit to the report and recommendation of the master;

     11. That the Master shall be compensated at his normal hourly billing rate on an hourly basis for time spent on this matter;

     12. That the Master will be reasonably compensated and reimbursed for expenses incurred by the Master in carrying out his duties as Master; and

     13. That the parties shall share equally the cost of the services of the Master,

the reasonable expenses incurred by the Master, the cost of any court reporter and transcript associated with proceedings conducted by the Master.

Dated April 9, 2015, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge