IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-01210-REB

STERISIL, INC., a Colorado
Corporation,
Plaintiff,

v.

PROEDGE DENTAL PRODUCTS, INC,
a Colorado Corporation, and

MARK A. FRAMPTON, an individual,
Defendants.

**PLAINTIFF'S MOTION TO COMPEL PAYMENT OF DEPOSITION FEES OF PLAINTIFF'S EXPERTS DEPOSED BY DEFENDANTS**

### D.C.COLO.LCivR 7.1 CERTIFICATION

The undersigned counsel hereby certifies that the parties have discussed the issues that required the filing of this motion, but did not advance to an agreement to resolve the issues of the reasonableness of the requested fees.

Plaintiff hereby requests that Defendants be compelled to reimburse Plaintiff for the expert witness fees incurred due to Defendant's deposition of Plaintiff's testifying experts.

*Background:*

It appears that Defendants do not contest the fact that Fed. R. Civ. Pro. Rule 26(b)(4)(E)(i) requires that Defendants pay for expert fees incurred by Plaintiff for Defendants' depositions of Plaintiff's retained, testifying experts,

1

Professor Karl Linden, and Mr. Armando Chavez[1]. However, Defendants simply object to the fees being charged. Plaintiff submits that the fees charged by Plaintiff's experts are reasonable, and thus must be borne by Defendants. Specifically, Dr. Linden charged $3,193.00 for all fees and costs associated with his deposition (see attached Exhibit C), and the costs for preparation and atteding Mr. Chavez' deposition came to $13,627.50 (see attached Exhibit D).

***Legal Standard:***

Federal Rule of Civil Procedure 26(b)(4)(E)(i) provides that, "Unless manifest injustice would result, the court must require that the party seeking discovery [must] pay the expert a *reasonable fee* for time spent in responding to discovery under Rule 26(b)(4)(A) … ". (Emphasis added.)

### *i. The Billing Rates Requested Are Reasonable:*

Plaintiff's technical expert, Dr. Karl Linden, is a University of Colorado tenured Professor of Environmental Engineering. He charged his time at approximately *half* the rate as Defendants' technical expert, Shannon Mills DDS[2]. Dr. Linden charged his deposition time at a rate of $350 per hour[3], while Dr. Mills charged $750 per hour[4] for all work. Based on Dr. Linden's experience and education, his fees were plainly reasonable[5] in light of the fact that Defendant's

---

[1] Dr. Linden's CV is attached as Exhibit A; Mr. Chavez' CV is attached as Exhibit B
[2] Dr. Mills' CV is attached as Exhibit E.
[3] Exhibit C, invoice for Dr. Linden's deposition.
[4] Exhibit G, excerpt asserting fees for Dr. Mills' report.
[5] A variety of factors may be considered relevant to the determination of the reasonableness of the fees, including the fees charged by comparably respected available experts. *See, Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 589 (D. Colo. 2009).

2

technical expert charged more than twice Dr. Lindens' rate. Additionally, Dr. Linden's pre-deposition preparation time compared to his deposition time was at a ratio of approximately 1:1, again demonstrating that the amount of time preparing for the deposition was and fees charged for this preparation was also quite reasonable.

Plaintiff's damages expert, Mr. Armando Chavez charged $395 per hour for his deposition time[6]. Defendants' damages expert asserted that he charged $450 per hour[7]. Accordingly, Mr. Chavez' hourly rate is reasonable as it aligns with the prevailing rate of other comparably respected available experts, such as Defendant's damages expert.

### ii.     The Total Time Spent Was Also Reasonable

Dr. Linden spent a total of nine hours for both preparation and testimony in his deposition, which lasted approximately three hours on the record.[8] Similarly, Mr. Chavez spent approximately spent 27.5 hours preparing for his deposition, which lasted approximately seven hours. Preparation for Mr. Chavez' deposition required a thorough review of Defendants' confidential damages report of over seventy pages, covering nearly a decade of sales. This required a review his own extensive report and related calculations and analysis, which involved analysis of the market, as well as sales and cost figures.

### iii.    Defendants Must Bear The Cost Of Their Premature Depositions:

---

[6] See Exhibit D.
[7] From last page of Defendant's Damages Expert Report, attached as Exhibit F.
[8] Dr. Linden's Deposition started at 1:00 PM, and lasted until approximately 4:00 PM.

3

This case was dismissed as a result of Defendants' motion for summary judgment of invalidity (#90). Accordingly, the deposition did not function as a "dressed rehearsal" for trial, and only benefited Defendants. The deposition of Plaintiff's expert witnesses were entirely unnecessary. An expert witnesses deposition is rarely necessary for the support of a summary judgment motion. *See, Fiber Optic Designs,*, 262 F.R.D. at 596, discussing that dispositive motions may be resolved through expert opinion reports, and that competing expert opinions should be decided by a jury, and that the need for expert depositions can only be decided after summary judgment motions have been decided.

***Conclusion:***

For the reasons stated above, the entire cost of Defendants' premature deposition of Plaintiff's expert witnesses must be borne by Defendants. Thus an order directing Defendants to pay the entire requested amount of $16,820.50 is appropriate, reasonable, and hereby requested.

DATED: May 25, 2018                Respectfully submitted,

                                        s/ Ramon L. Pizarro
                                        Ramon L. Pizarro
                                        7535 East Hampden Avenue, Suite 520
                                        Denver, CO 80231
                                        (303) 779-9551
                                        Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of May, 2018, I electronically filed the foregoing:

**PLAINTIFF'S MOTION TO COMPEL PAYMENT OF DEPOSITION FEES OF PLAINTIFF'S EXPERTS DEPOSED BY DEFENDANTS**

with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

   Gregory S. Tamkin
   tamkin.greg@dorsey.com

   Case Collard
   collard.case@dorsey.com


(Counsel for Defendants)

/s/ Ramon L. Pizarro

5