**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01210-REB

STERISIL, INC., a Colorado Corporation,

    Plaintiff,

v.

PROEDGE DENTAL PRODUCTS, INC, a Colorado Corporation, and
MARK A. FRAMPTON, an individual,

    Defendants.

## ORDER CONCERNING EXPERT
## WITNESS FEES AND AWARD OF COSTS

**Blackburn, J.**

This matter is before me on the following: (1) **Plaintiff's Motion To Compel Payment of Deposition Fees of Plaintiff's Experts Deposed by Defendants** [#127][1] filed May 25, 2018; and (2) **Plaintiff's Motion for Review of Clerk's Award of Costs** [#150] filed July 26, 2018. The defendants filed responses [#140, #151], and the plaintiff filed replies [#142, #152]. I grant the motion to compel payment of expert witness fees in part and deny it in part. Similarly, I grant the motion for review of costs in part and deny it in part.

## I. JURISDICTION

I have jurisdiction over the parties and subject matter of this case. My jurisdiction arises under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (patent

---

[1] "[#127]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

infringement).

## II. STANDARD OF REVIEW

### A. Deposition Fees of Experts

A party seeking discovery from an expert "must pay the expert a reasonable fee for time spent in responding to discovery," unless manifest injustice would result. Fed. R. Civ. P. 26(b)(4)(E)(i). What constitutes a reasonable fee for purposes of this rule lies within the discretion of the court. **Fiber Optic Designs, Inc. v. New Eng. Pottery**, **LLC**, 262 F.R.D. 586, 589 (D. Colo. 2009). Several factors may be relevant in determining a reasonable fee, including: (1) the area of expertise of the expert; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. **Id**.

### B. Costs

Allowable costs are delineated in 28 U.S.C. § 1920. The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by § 1920. **English v. Colorado Department of Corrections**, 248 F.3d 1002, 1013 (10th Cir. 2001); **Griffith v. Mt. Carmel Medical Center**, 157 F.R.D. 499, 502 (D. Kan. 1994). Expenses not specifically authorized by the statute are not recoverable as costs. **Crawford Fitting Co. v. J.T. Gibbons, Inc.**, 482 U.S. 437, 441-42 (1987); **Bee v. Greaves**, 910 F.2d 686, 690 (10th Cir. 1990). Moreover, even when costs are allowed by statute, the prevailing party still must demonstrate that the amount requested is reasonable. **See U.S. Industries, Inc. v. Touche Ross & Co.**, 854 F.2d 1223, 1245 (10th Cir. 1988), **overruled**

*on other grounds as recognized by Anixter v. Home-Stake Products Co.,* 77 F.3d 1215, 1231 (10th Cir. 1996).

Within the limits of § 1920, costs may be awarded for items and services necessarily obtained for use in the case. "(A)ll § 1920 requires is that the generation of taxable materials be reasonably necessary for use in the case at the time the expenses were incurred." **In re Williams Securities Litigation-WCG Subclass**, 558 F.3d 1144, 1149 (10th Cir. 2009) (internal quotation and citation omitted). "The most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." **U.S. Industries, Inc.**, 854 F.2d at 1246. On the other hand, actual use in a motion presented to the court does not define the absolute outer limit of necessary costs, either. **See Mitchell v. City of Moore, Oklahoma**, 218 F.3d 1190, 1205 (10th Cir. 2000) ("[I]t would be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.") (quoting **Callicrate v. Farmland Industries, Inc.**, 139 F.3d 1336, 1341 (10th Cir. 1998)). Similarly, actual use at trial is not required to show that a cost may be awarded under § 1920.

### III. ANALYSIS

#### A. DEPOSITION FEES OF EXPERTS

In this patent infringement case, the defendants, ProEdge Dental Products, Inc. and Mark A. Frampton, deposed two expert witnesses endorsed by the plaintiff, Sterisil, Inc. The expert witnesses are Dr. Karl Linden and Armando Chavez. ProEdge[2], agrees that it

---

[2] Hereafter, I refer to the defendants collectively as "ProEdge."

must pay the reasonable costs of its depositions of Mr. Chavez and Dr. Linden. However, ProEdge contends the fees sought by these two witnesses are not reasonable.

1. Armando Chavez

Mr. Chavez was a damages expert for the plaintiff, Sterisil. Mr. Chavez charged 395 dollars per hour for his deposition time. Mr. Chavez says he spent about 27.5 hours preparing for his deposition. His deposition lasted about seven hours. ProEdge does not dispute the reasonableness of the hourly rate charged by Mr. Chavez. ProEdge argues that the effort of Mr. Chavez to recover payment for 27.5 hours of preparation for a deposition that lasted approximately seven hours is unreasonable.

The deposition of Mr. Chavez took place less than one month before trial was scheduled to begin on May 21, 2018. *Reply* [#142], p. 4. As an expert on damages, Mr. Chavez was required to review prior to deposition and trial, the damages report of the expert for ProEdge and his own report and calculations. In this context, some preparation for the deposition was reasonable. I find that it is reasonable for an expert witness to spend some time preparing for a deposition. Compensation for reasonable preparation time is reasonable. **See *McCulloch v. Hartford Life and Accident Ins. Co.***, 2004 WL 2601134, at *2 (D.Conn. 2004).

Sterisil contends none of the preparation time of Mr. Chavez should be attributed to trial preparation on behalf of Sterisil and all of the preparation time should be attributed to the deposition. I agree with ProEdge that deposition testimony of an opposing expert often serves, for the opposition, the purpose of a dress-rehearsal for trial. Thus, a deposition and preparation for a deposition reasonably can be treated partially as preparation for trial and partially as preparation for deposition, particularly when the deposition takes place when the beginning of trial is near.

In this case, attributing all of the preparation time of Mr. Chavez to the deposition and assigning none of the preparation time to trial, as Sterisil proposes, is not reasonable. Sterisil claims the deposition of Mr. Chavez, less than one month before trial, was "premature." *Reply* [#142], p. 4. This is true, Sterisil contends, because summary judgment was granted in favor of ProEdge after the deposition but before the trial began. Thus, Sterisil claims the deposition of Mr. Chavez should not be seen, even partially, as preparation for trial.

To claim it was "premature" for ProEdge to depose the opposing damages expert less than one month before the beginning of trial is indefensible. At the time of the deposition, neither Sterisil nor ProEdge had any idea if the motion for summary judgment of ProEdge would be granted or not. Further, given the complexity of the task undertaken by Mr. Chavez, preparation for both the deposition and trial was reasonable.

Based on the relevant record, I find and conclude that it is reasonable to characterize 7.5 hours of the time of Mr. Chavez as reasonable preparation time for his deposition. Sterisil reports that the deposition of Mr. Chavez "lasted approximately seven hours." *Motion* [#127], p. 3. That time plus 7.5 hours of preparation time approximates 14.5 hours. At the rate of 395 dollars per hour, the total reasonable fee for the deposition of Mr. Chavez is 5,727.50 dollars.

### 2. Dr. Karl Linden

The expert report of Dr. Linden [#98-3], dated March 19, 2018, contains three pages of analysis. The other pages include an introduction, a list of qualifications, and a list of publications. The report was prepared about one month prior to his deposition. Dr. Linden states in his report that he is being compensated at the rate of 260 dollars per hour plus expenses. He does not state a different hourly rate for deposition testimony.

Dr. Linden charged his deposition time at 350 dollars per hour. *Invoice* [#127-4]. Nowhere is the sharp increase in his hourly rate explained. As a result, ProEdge contends an hourly rate in excess of 260 dollars per hour is unreasonable.

In his deposition, Dr. Linden testified that he was prepared adequately for his deposition. *Transcript* [#140-1], 141:20 - 142:9. He said his preparation was "Just reviewing the - - what I had written before, yeah." *Id.*, 141:20-23. Asked how long he spent preparing for his deposition, he said "Probably about two hours." *Id.*, 141:24-25. His deposition lasted about three hours. *Motion* [#127], p. 3. This stated time for preparation and deposition totals five hours. However, in his invoice [#127-4], Dr. Linden billed for a total of nine hours. Nowhere does he or Sterisil account credibly for the additional four hours billed in the invoice.

Given these facts, I find that the total reasonable fee for the deposition of Dr. Linden is made up of two hours for preparation plus three hours of testimony at the rate of 260 dollars per hour. Sterisil has not shown that additional hours or a higher hourly fee is reasonable. Dr. Linden billed 43 dollars for travel expenses. ProEdge agrees that amount is reasonable. Five hours at 260 dollars per hour plus 43 dollars in travel expenses results in a total reasonable fee for the deposition of Dr. Linden of 1,343.00 dollars.

### 3. Conclusion

The reasonable fee for the deposition of Mr. Chavez is 5,727.50 dollars. The reasonable fee for the deposition of Dr. Linden of 1,343.00 dollars. Thus, Pro Edge is responsible to pay 7071 dollars .

### B. COSTS

In the **Bill of Costs** [#149], the clerk awarded ProEdge costs for (1) converting data from one computer-readable format to another computer-readable format in the amount of

6

11,531.08 dollars; and (2) costs for the patent search services which formed the basis of the invalidity defense of ProEdge in the amount of 3,365.00 dollars. Sterisil contends these two items of costs do not fall into the categories of costs in permitted under 28 U.S.C. § 1920. Sterisil asks that the award of costs be reduced by these two amounts.

          1. Conversion of Documents for Optical Character Recognition

Sterisil produced to ProEdge about 193,000 documents a little more than a month before trial. The documents were produced in a way that they could not be searched for text, metadata, or document content. ProEdge converted the documents to a different format permitting optical character recognition (OCR), so the documents could be searched efficiently.

Section 1920(4) allows for the recovery of "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Courts have interpreted this provision to cover taxable e-discovery costs limited "to the cost of initially uploading data and converting native files to other formats, such as TIFF and PDF." *Nero v. American Family Mut. Ins. Co.*, 2013 WL 5323262, at *2 (D.Colo. 2013) (citing cases). In the circumstances of this case, the OCR conversion undertaken by ProEdge was reasonable and necessary as trial was about one month away when Sterisil produced a large volume of documents. Thus, the award of costs for this OCR conversion was within the purview of § 1920(4) and otherwise was reasonable.

2. Patent Search Services

Sterisil contends the cost of patent search services used by ProEdge are simply costs for legal research. These costs, Sterisil asserts, are not recoverable as costs under § 1920. ProEdge notes that the local patent rules of this district require a party who contends a patent is invalid to serve invalidity contentions. D.C.COLO.LCPtR 8(a). Those invalidity contentions must include "each item of prior art that anticipates or renders each claim obvious." D.C.COLO.LCPtR 8(b). Given this rule, ProEdge contends, the costs incurred to develop these invalidity contentions, including searches of prior art, are necessarily obtained for use in the case.

No doubt, the prior art searches of ProEdge were necessary to support its invalidity contentions. Using the search services likely was the most efficient way to accomplish this work. But necessity and efficiency alone do not qualify these costs as recoverable costs under § 1920. The cost of patent search services does not fall within any of the six categories specified in § 1920. "Absent some other statutory authorization, costs available to a prevailing party under Rule 54(d)(1) are limited to those specified in 28 U.S.C. § 1920." ***Sorbo v. United Parcel Service***, 432 F.3d 1169, 1179 (10th Cir. 2005). If the patent search services are viewed as legal research services, that does not make the cost of patent search services recoverable as costs. Charges for computerized legal research are not recoverable as costs. ***Sorbo***, 432 F.3d 1179-1180; ***Jones v. Unisys Corp.***, 54 F.3d 624, 633 (10th Cir. 1995).

The award of costs in the **Bill of Costs** [#149] must be reduced by 3,365.00 dollars. This amount was awarded improperly as costs.

3. Conclusion

The award of costs for OCR conversion was within the parameters of § 1920(4) and otherwise was reasonable. However, the award of costs in the **Bill of Costs** [#149] must be reduced by 3,365.00 dollars. This reduction reflects the amount of costs taxed improperly based on the cost of patent search services used by ProEdge.

## IV. CONCLUSION & ORDERS

ProEdge must pay 5,727.50 dollars as a total reasonable fee for the deposition of Mr. Chavez. ProEdge must pay 1,343.00 dollars as a total reasonable fee for the deposition of Dr. Linden.

The award of costs of 11,531.08 dollars for OCR conversion was proper. The award of costs of 3,365.00 dollars for patent search services used by ProEdge is improper.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion To Compel Payment of Deposition Fees of Plaintiff's Experts Deposed by Defendants** [#127] is granted in part;

2. That the defendants are ordered to pay to the plaintiff 5,727.50 dollars as a total reasonable fee for the deposition of Mr. Chavez and 1,343.00 dollars as a total reasonable fee for the deposition of Dr. Linden;

3. That otherwise, **Plaintiff's Motion To Compel Payment of Deposition Fees of Plaintiff's Experts Deposed by Defendants** [#127] is denied;

4. That the **Plaintiff's Motion for Review of Clerk's Award of Costs** [#150] is granted in part;

5. That the award of costs in the **Bill of Costs** [#149] is reduced by 3,365.00 dollars to remove costs taxed improperly based on the cost of patent search services used by the

defendants; and

6. That otherwise, the **Plaintiff's Motion for Review of Clerk's Award of Costs** [#150] is denied.

Dated March 29, 2019, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge